IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Luis Figueroa, #16277-069, | ) | C/A No.: 1:17-1965-RBH-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden Gio Ramirez, | ) | |
| Respondent. | ) | |

Luis Figueroa ("Petitioner"), proceeding pro se, is an inmate incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina, in the custody of the Federal Bureau of Prisons. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.  Factual and Procedural Background

The instant petition is the second habeas action filed by Petitioner in this court challenging his conviction and sentence. *See Figueroa v. Meeks*, C/A No. 1:17-284-RBH.[1]  Petitioner was found guilty of conspiracy to distribute cocaine on February 29,

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

2000, following a jury trial in the United States District Court for the District of New Jersey. *See United States v. Figueroa*, No. 98-cr-105-JHR-14 (E.D.N.J. March 31, 2003) ("*Figueroa I*"), ECF No. 442. The jury did not make any findings regarding the quantity of cocaine involved in the conspiracy. *See Figueroa v. United States*, No. 4-cv-1424-JHR (E.D.N.J. June 30, 2005) ("*Figueroa II*"), ECF No. 13 at 2. Approximately four months after the jury's verdict, and prior to Petitioner being sentenced, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "[o]ther than a fact of a prior conviction, any fact that increases a penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490. In response to *Apprendi*, the court empaneled a second jury, over Petitioner's objections, to determine the quantity of cocaine involved in Petitioner's conspiracy conviction. *See Figueroa II*, ECF No. 13 at 3–5. On February 10, 2003, the second jury found the conspiracy distributed and possessed with the intent to distribute five kilograms or more of cocaine. *Figueroa I*, ECF No. 602. Petitioner entered into a plea agreement with the Government on March 27, 2003, in which he waived all of his post-conviction and post-sentence rights and the Government recommended a prison term of 35 years. *Figueroa II*, ECF No. 13 at 5–6. On March 31, 2003, the court sentenced Petitioner to 420 months. *Figueroa I*, ECF No. 618. Petitioner indicates he did not appeal his sentence or conviction. [ECF No. 1 at 2]. On March 29, 2004, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, which the court denied on June 30, 2005. *Figueroa II*, ECF Nos. 1, 13.

Petitioner filed the instant petition arguing he:

is being detained by Respondent, without Due Process of Law, pursuant to a judgment and commitment order issued by a court that had no jurisdiction of the cause and for a matter which by law no man ought to be punished.

[ECF No. 1 at 10]. Petitioner alleges his "sentencing order is invalid" and states his detention is pursuant to a void judgment constituting "a clear deprivation of Petitioner's liberty without Due Process of Law." *Id.* Petitioner asks the court to order his release. *Id.* at 8.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less-stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

3

which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Although Petitioner alleges he is not challenging his conviction or sentence, his arguments address the underlying validity of his sentence. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a

4

prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). As the Supreme Court has told us, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner attempts to invoke § 2255's savings clause, arguing his sentence is a void judgement and therefore § 2241 is the proper vehicle to challenge his unlawful restraint. [ECF No. 1 at 5]. Petitioner's argument, however, fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. Petitioner has not articulated any facts to satisfy the second prong of the *Jones* criteria, as he cannot demonstrate the conduct for which he was convicted—conspiracy to distribute cocaine—has been deemed non-criminal by a substantive law change since he filed his § 2255 motion. Accordingly, his § 2241 petition should be summarily dismissed.

III. Conclusion and Recommendation

The undersigned recommends the court dismiss the petition without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

August 7, 2017　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).