UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Luis Figueroa, | ) | Civil Action No.: 1:17-cv-01965-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Gio Ramirez, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Luis Figueroa, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges.[1] *See* ECF Nos. 7 & 9. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without prejudice and without requiring Respondent to file an answer or return. R & R at pp. 1, 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### **Discussion**[2]

As the Magistrate Judge notes, Petitioner's instant § 2241 petition is the second one filed in this Court this year; both petitions challenge Petitioner's conviction and sentence imposed in the District of New Jersey. *Compare* ECF No. 1, *with Figueroa v. Meeks*, Civ. No. 1:17-cv-00284-RBH, at ECF No. 1 (D.S.C.) ("*Figueroa I*"). The Magistrate Judge recommends summarily dismissing Petitioner's instant § 2241 petition because (as in his prior § 2241 action) he fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. R & R at pp. 4–6. Petitioner lodges several objections to the R & R. *See* ECF No. 9.

The majority of Petitioner's objections—that he is being detained without due process of law, that the doctrine of procedural default does not apply "because the issues . . . are jurisdictional in nature," and that his claims are properly brought under 28 U.S.C. § 2241—all relate to matters that were considered and rejected by the Court in Petitioner's prior § 2241 action. *See Figueroa I*, at ECF No. 11. As the Court previously explained,

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

> [I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241. Importantly, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion.
>
> . . . . More specifically, § 2255 is inadequate and ineffective—and § 2241 may be utilized—when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (internal citations, quotation marks, and ellipsis omitted). Here, Petitioner cannot show § 2255 is inadequate or ineffective because the substantive law has not changed so that his conduct (conspiring to distribute cocaine) is no longer criminal.[3] Thus, Petitioner is not entitled to relief under § 2241, and the Court must dismiss his § 2241 petition.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

---

[3] Petitioner also requests that the Court "apply the principles enunciated by the Fourth Circuit Court of Appeals in its decision in Surratt v. United States, 2015 WL 4591677 to the facts of his case." ECF No. 9 at p. 2. However, this decision no longer has precedential value because the Fourth Circuit granted a rehearing *en banc*. *See United States v. Surratt*, 797 F.3d 240, 244 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015); *see generally* Fourth Cir. Loc. R. 35(c) ("Granting of rehearing en banc vacates the previous panel judgment and opinion[.]"). Of note, the appeal in *Surratt* was eventually dismissed as moot before the Fourth Circuit reached the merits because the President commuted the sentence being reviewed. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017). In any event, "[t]here is no analysis or discussion in *Surratt* indicating the Fourth Circuit considered finding the savings clause unconstitutionally vague." *Byers v. Warden*, 2017 WL 3725187, at *4 (E.D.N.C. Aug. 29, 2017).

3

*Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the § 2241 petition, the Magistrate Judge's R & R, and Petitioner's objections. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 7] by reference.

Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2].

**IT IS SO ORDERED.**

Florence, South Carolina
October 2, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge